UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01747-JHN-JEMx | Date | March 31, 2010 |
|---|---|---|---|
| Title | *Hebb v. Allstate Insurance Co.* | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT (In Chambers)

On March 10, 2010, Defendants removed this action to federal court. However, the jurisdictional allegations appear defective.

Defendants removed solely on the basis of diversity jurisdiction. (*See* Notice of Removal.) Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Here, even assuming that the citizenship of one of the Defendants can be ignored under the doctrine of fraudulent joinder and thus that complete diversity exists, Defendants do not meet their burden with respect to the amount-in-controversy. Where it is not facially evident from the complaint that the amount-in-controversy is met, a defendant must establish, by a preponderance of the evidence, that the amount-in-controversy truly exceeds $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Conclusory statements are wholly inadequate, given the strong presumption against removal jurisdiction. *Id.*

In this case, the First Amended Complaint ("FAC") is silent as to an amount-in-controversy. The FAC seeks relief for breach of contract, breach of an implied covenant of good faith and fair dealing, fraud, and intentional infliction of emotional distress—all on the ground that Defendants did not timely or adequately compensate Plaintiff under an insurance policy for flood damage arising from a pipe break. Although Defendant Allstate Insurance Company ("Allstate") is the insurer of the policy at issue and has access to the value of that policy, Defendants only make the conclusory allegation that the "amount in controversy is in excess of $75,000" and reiterate the relief Plaintiff seeks. (Notice of Removal ¶ 9.) Defendants omit the value of the policy and any estimates of damage to Plaintiff's property from the pipe break. Given that Defendant Allstate has already paid some sums due under the insurance policy and the gravitas of the Complaint is simply that Defendants did not compensate Plaintiff in a timely fashion (Compl. ¶ 7), it is not evident by a preponderance of the evidence that the recovery sought exceeds $75,000. Ultimately, Defendants' conclusory statements regarding the amount-in-controversy do not satisfy their burden or overcome the strong presumption against removal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-01747-JHN-JEMx | Date | March 31, 2010 |
|---|---|---|---|
| Title | *Hebb v. Allstate Insurance Co.* | | |

     **Accordingly, the Court REMANDS this matter to Los Angeles Superior Court for all further proceedings.**  Defendants' Motion to Strike (Docket No. 4) and Motion to Dismiss (Docket No. 5) are moot and removed from the Court's calendar.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | | CSI |